UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, TRUSTEE,<br><br>           Plaintiff,<br><br>v.<br><br>RODNEY L. BELLE; MARY BOCHUM,<br><br>           Defendants. | Civil No. 08cv880 L(WMc)<br><br>**ORDER REMANDING THIS CASE TO THE SUPERIOR COURT; DENYING MOTION TO PROCEED IN FORMA PAUPERIS and CLOSING THIS ACTION** |

On May 16, 2008, defendant Mary Bochum ("Bochum") filed a notice of removal from the State of California, Superior Court for the County of San Diego. The state court complaint alleges a claim against only Rodney L. Belle ("Belle")[1] for unlawful detainer.

Having reviewed Bochum's notice of removal, the Court finds it does not have subject matter jurisdiction over this action and the removal is procedurally defective. The Court therefore will remand the case to the San Diego County Superior Court.

**1.    Lack of Subject Matter Jurisdiction**

The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is

---

[1] The complaint filed in state court does not name Mary Bochum as a defendant. (*See* complaint attached to notice of removal.)

constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11, 103 S. Ct. 2841 (1983). A federal court has jurisdiction over an action involving citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . .." *Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

In the present case, the state court complaint does not allege any claim "arising under" federal law. Plaintiff in the state court action set forth a single cause of action for unlawful detainer – a claim that arises exclusively under state law. Therefore, this Court does not have subject matter jurisdiction on the basis of federal question.

It is unclear whether Bochum is attempting to remove the case based on diversity jurisdiction. As noted above, a federal court has jurisdiction over an action involving citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The removing party has the burden of establishing removal jurisdiction. *Lowdermilk*, 479 F.3d at 997; *see Abrego Abrego*, 443 F.3d at 682-83 (the removing defendant has " 'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement"), (quoting *Gaus*, 980 F.2d at 566) ("Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement"); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir.2007). The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Lowdermilk*, 479 F.3d at 994. In deciding the issue, the court treats claims for statutory damages by considering only those damages actually recoverable under the facts alleged. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404-05 (9th Cir. 1996)

Bochum does not provide any statement concerning her citizenship or the citizenship of plaintiff. Moreover, plaintiff's complaint states that the amount demanded does not exceed $10,000.00 which is clearly under the $75,000.00 amount in controversy requirement. Although Bochum asserts that "the amount in controversy as to the claims of both parties exceeds $370,000.00," the issue is whether *plaintiff's claim* in the operative pleading, *i.e.,* the complaint filed in state court, meets the amount in controversy requirement. Here, it does not. As a result, diversity jurisdiction has not been established.

Bochum has not shown that the state court action could have originally been brought in federal court; therefore, the Court must remand this action.

    **2.**    **Notice of Removal**

Even if the Court had subject matter jurisdiction over the state court action, which it does not, the Court would remand based upon Bochum's failure to comply with the procedural requirements of removal.

As set forth in 28 U.S.C. § 1446(b), a *defendant* must remove an action. Here, the defendant, Belle, did not file the notice of removal. Instead, a nonparty to the state court action,

Bochum, removed the case. She cannot do so. Only a defendant may remove an action to the federal court.

Further, to the extent that Bochum seeks to represent Belle, she has no standing because *pro se* litigants have no authority to represent the interests of anyone other than themselves. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party . . . . A federal court's jurisdiction therefore can be invoked only when the [party] himself has suffered some threatened or actual injury.") (quotations and citation omitted); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that while a nonattorney may represent himself, he has no authority to appear as an attorney for others).

Defendant Belle did not file the notice of removal – a procedural deficiency in the removal of this case – and remand of the action to the state court is required.

### 3. Conclusion

Having carefully reviewed the notice of removal and the accompanying documents, the Court finds and concludes that it does not have subject matter jurisdiction over this action and the removal is procedurally defective.

Accordingly, the above captioned case is **REMANDED** to the Superior Court for the County of San Diego, case no. 37-2008-0004196-CL-UD-CTL. The Clerk of the Court is directed to return the case to the state court forthwith and to close this action. The motion to proceed in forma pauperis is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

DATED: May 20, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28