UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, TRUSTEE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>RODNEY L. BELLE; MARY BOCHUM,<br><br>　　　　　　　Defendants. | Civil No. 08cv880 L(WMc)<br><br>**ORDER STRIKING NOTICE OF APPEAL AND REQUEST TO STAY JUDGMENT** |

On May 16, 2008, putative defendant Mary Bochum ("Bochum"), appearing *pro se*, filed a notice of removal from the State of California, Superior Court for the County of San Diego. The state court complaint alleges a claim against Rodney L. Belle ("Belle") only[1] for unlawful detainer.  After reviewing Bochum's notice of removal, the Court remanded the action to the state court concluding that this Court lacked subject matter jurisdiction over the case and for procedural deficiencies. *See* Order filed May 21, 2008 [doc. #3]. On May 23, 2008, Mary Bochum filed a "Notice of Appeal to the Appellate Court of Appeal, Stay of Judgment." [doc. #4].

/ / /

/ / /

---

[1] The complaint filed in state court does not name Mary Bochum as a defendant. (*See* complaint attached to notice of removal.)

1  Remand orders are not appealable.[2] The statute addressing remand after removal
2 provides that "[a]n order remanding a case to the State court from which it was removed is not
3 reviewable on appeal or otherwise ...." 28 U.S.C. § 1447(d). The statute also provides that after
4 a federal court issues an order to remand the case back to state court, "[t]he State court may
5 thereupon proceed with such case." *Id.* § 1447(c). The cumulative effect of these two rules is
6 clear: a party may not appeal a remand order in federal court because once the remand order
7 issues, the case may proceed immediately in state court. This rule is also reflected in case law:
8 "Congress has placed broad restrictions on the power of federal appellate courts to review
9 district court orders remanding removed cases to state court." *Things Remembered Inc. v.*
10 *Petrarca*, 516 U.S. 124, 127 (1995). In accordance with these restrictions, the Supreme Court
11 has held that an appeal is available only when a district court bases its remand on grounds other
12 than those specified in 28 U.S.C. § 1447(c). "As long as a district court's remand is based on a
13 timely raised defect in removal procedure or on lack of subject-matter jurisdiction – the grounds
14 for remand recognized by § 1447(c) – a court of appeals lacks jurisdiction to entertain an appeal
15 of the remand order under § 1447(d)." *Id.* at 127-28.
16  This Court remanded the present case for lack of subject matter jurisdiction and
17 procedural deficiencies which are "precisely the type of removal defect contemplated by §
18 1447(c)," and no appeal of the remand order is available. *Id.* at 128.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25
26  [2] The exception to the rule that remand orders are not appealable is found in § 1447
27 (d): " An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, *except that an order remanding a case to the State court from which it was*
28 *removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."* 28 U.S.C. § 1447(d)(emphasis added). Bochum's notice of removal was not based on 28 U.S.C. § 1443.

1     Based on the foregoing, Bochum's notice of appeal and request for stay of judgment is

2 **STRICKEN** from the record and the case shall remain closed.

3     **IT IS SO ORDERED.**

4 DATED: May 28, 2008

5

6                         M. James Lorenz
                        United States District Court Judge

7 COPY TO:

8 HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

9

10 ALL PARTIES/COUNSEL